

**FILED**
AUG 29 2006
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DONALD LEO BEANER and GLORIA MAE BEANER, a living, sovereign Wo/man upon the Land, | \* | CIV 05-4095 |
| Plaintiffs, | \* | MEMORANDUM OPINION AND ORDER |
| -vs- | \* | |
| UNITED STATES OF AMERICA, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

There are several pending motions in this case. Plaintiffs filed a Motion to Strike All Pleadings and Testimony, Doc. 23 and a Motion to Strike All Pleadings of Defendants, Doc. 31. Defendants filed a Motion to Dismiss, Doc. 14, for failure to properly serve all Defendants and a renewed Motion to Dismiss, Doc. 21, arguing that Plaintiffs did not serve Defendant Jan Holmgren within the time allowed by the Court's earlier Order, Doc. 15. Defendants filed a Motion to Substitute Party, Doc. 24, and a third Motion to Dismiss, Doc. 28. Other than moving to strike Defendants' filings, Plaintiffs did not respond to Defendants' motions.

**1.   Motion to Substitute Party**

The Defendants, Jan Holmgren, individually and as agent for Farmers Home Administration and as agent for the United States of America, and John Doe, have moved to substitute the United States as the sole defendant in this action pursuant to 28 U.S.C. §§ 1346(b) and 2679. Given the certification of the United States Attorney that Defendant Jan Holmgren was acting within the scope of her employment at the time of the incident out of which Plaintiffs' claim arise, this action shall be deemed an action against the United States and the United States shall be substituted as the party defendant. *See* 28 U.S.C. § 2679(d)(1). Thus, the motion will be granted and the caption shall be amended as set forth above.

## 2.     Service of the Summons and Complaint

The first two motions to dismiss, Docs. 14 and 21, seek dismissal of this action for failure to timely serve Jan Holmgren in her individual capacity. Plaintiffs eventually properly served Holmgren in her individual capacity. Although service was not completed within the time set forth by the Court in its prior Order, the motions will be denied in light of the Court's ruling on Defendants' Motion to Dismiss for failure to exhaust administrative remedies and res judicata.

## 3.     Failure to Exhaust and Res Judicata

In their third Motion to Dismiss, Doc. 29, the Defendants contend that this action should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because Plaintiffs have not exhausted their administrative remedies and because their action is barred by res judicata. Although the Complaint and Supplement to the Complaint consist of largely incomprehensible statements, it appears Plaintiffs are seeking to challenge the government's actions in foreclosing on their real estate that was mortgaged to the Farmers Home Administration. The Court entered a Judgment of Foreclosure and Decree of Sale in the case of *United States v. Beaner*, Civ 04-4041 (D.S.D.), finding that the Plaintiffs owed a debt to the United States; the debt was secured by a valid mortgage; the Plaintiffs were in default; the United States was entitled to foreclose on the Plaintiffs' real estate; and, the Plaintiffs' real estate could be sold for payment of the debt. (Judgment of Foreclosure and Decree of Sale, Doc. 54, August 5, 2005.) Plaintiffs appealed to the Eighth Circuit Court of Appeals, but then they voluntarily dismissed the appeal. An Amended Judgment was entered on March 9, 2006, allowing the government to accept payment in full from the Plaintiffs within two weeks of the entry of the Amended Judgment. (CIV 04-4041, Doc. 85.) A Satisfaction of Judgment was filed by the United States in the foreclosure action. (CIV 04-4041, Docs. 87 and 88.)

In support of their motion, Defendants submitted an affidavit of James H. Wood, Associate Regional Attorney, Office of the General Counsel, United States Department of Agriculture. (Doc. 30.) Wood states that the Plaintiffs have not field any administrative tort claims with the Department of Agriculture, Farm Services Agency, arising from events or occurrences in the State of South Dakota. (Doc. 30 at ¶ 3.) Plaintiffs have not submitted any contrary evidence.

The Federal Tort Claims Act provides that before an action may be instituted upon a claim against the United States for "money damages for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment ...," the claimant must first exhaust his or her administrative remedies. 28 U.S.C. § 2675(a). The Court finds that Plaintiffs have not exhausted their administrative remedies as to any claim for money damages for injury or loss of property caused by the negligent or wrongful act or omission of Jan Holmgren while she was acting within the scope of her employment as an Assistant United States Attorney. Accordingly, to the extent that this action involves claims under the Federal Tort Claims Act, the motion will be dismissed.

The second basis for the motion to dismiss is that all claims in this action are a collateral challenge to the foreclosure action to collect a debt owed by Plaintiffs to the United States and such claims are arred by res judicata. Under the doctrine of res judicata, also known as claim preclusion, a claim is precluded by a prior lawsuit when: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998). "'Furthermore, the party against whom res judicata is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect.'" *Id.* (quoting *In re Anderberg-Lund Printing Co.*, 109 F.3d 1343, 1346 (8th Cir. 1997)).

As explained above, the foreclosure action resulted in a final judgment on the merits. *See United States v. Beaner*, CIV 04-4041 (Doc. 54, Aug. 5, 2005.) The foreclosure action was based on proper jurisdiction because the United States was the Plaintiff. *See* 28 U.S.C. § 1345. The Court having substituted the United States as the sole Defendant in this action, both the foreclosure action and this action involve the same parties. As to the fourth element of res judicata, the Eighth Circuit explained that, "whether a second lawsuit is precluded turns on whether its claims arise out of the 'same nucleus of operative facts as the prior claim.'" *Costner*, 153 F.3d at 673 (quoting *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994)). To the extent the Court can decipher Plaintiffs' claims in this action, the Court finds they arise out of the same nucleus of operative facts as the

3

foreclosure action. Finally, Plaintiffs participated in the foreclosure action and the Court finds they had a full and fair opportunity to litigate in the foreclosure action any claims concerning the government's actions in foreclosing on their real estate and collecting the debt they owed to the United States. Thus, Plaintiffs' claims in this action are barred by the doctrine of res judicata and they will be dismissed with prejudice.

### 4. Plaintiffs' Motions to Strike

Plaintiffs filed two Motions to Strike, Docs. 23 and 31, purportedly in response to Defendants' dismissal motions. The motions allege no valid basis for striking the Defendants' filings. Thus, the motions will be denied. Accordingly,

IT IS ORDERED:

1. That Defendants' Motion to Dismiss, Doc. 14, is denied as moot.

2. That Defendants' Motion to Dismiss, Doc. 21, is denied.

3. That Defendants' Motion to Substitute party, Doc. 24, is granted. The United States is substituted as the sole Defendant in this action. The caption shall be amended as set forth above.

4. That Plaintiffs' Motions to Strike, Docs. 23 and 31, are denied.

5. That Defendants' Motion to Dismiss, Doc. 28, is granted and this action is dismissed without prejudice to any claim under the Federal Tort Claims Act and is dismissed with prejudice as to all other claims in this action.

Dated this 29th day of August, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
            DEPUTY

4